IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

AERIAL WILLIAMS                                    Civil Action File No.
                                                   3:24-CV-00095-TES
    Plaintiff,
v.

WAL-MART STORES EAST, LP

    Defendant.
_____/

## CONSENT PROTECTIVE ORDER

By agreement of the parties, for good cause, and pursuant to Fed. R. Civ. P. 26(c), the Court finds that a protective order should be entered for the purpose of protecting (1) confidential and proprietary commercial information and trade secrets of Defendant and of all other Walmart entities, and (2) personal identifying information, personal health information, and other sensitive or private information concerning Defendant's employees, vendors, and customers who are not parties to this litigation.

1.

This protective order shall apply to documents and things marked "CONFIDENTIAL" prior to production by the producing party in this matter, as well as to any deposition testimony concerning such documents and things.

2.

All such documents, things, and testimony marked "CONFIDENTIAL" pursuant to Paragraph 1 above shall be used only in the course of the above-captioned proceedings, or in any renewal action; and shall not be used, or provided for use, in any other litigation or proceedings, or published (orally, electronically, or by any other means) to any person, except as designated herein.

3.

Any counsel of record in this action may disclose protected materials and information to their employees to whom it is necessary that the material be disclosed for purposes of this litigation. The counsel making such a disclosure must ensure that the individual has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Before receiving access to any materials or information within the scope of this Order, any person not employed by a party or its counsel, including consulting or testifying experts, shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. All parties and their respective counsel who permit access to Protected Documents to such a person shall retain each such

executed "Written Assurance" and shall keep a list identifying all persons described in this paragraph to whom protected documents have been disclosed.

5.

Any party contesting whether or not a document or thing should be marked "CONFIDENTIAL" will notify the producing party, via counsel and in writing, and will specify the materials or information for which the protected status is disputed. The parties will have ten (10) business days after receipt of the aforementioned notice to resolve the dispute without Court intervention. If they are not able to resolve the dispute within this time, the party contesting the "CONFIDENTIAL" designation shall request leave of Court, pursuant to the procedures outlined in Standing Order No. 16-01, Exhibit A, Section II(J), as amended and published in Appendix H to the Local Rules for the Northern District of Georgia, to submit the materials or information at issue under seal for an in-camera inspection and final decision by the Court as to whether or not the materials or information at issue will retain protected status under this Order.

6.

Each party agrees that before filing with the Clerk of Court any document or thing which discloses, directly or indirectly, all or part of any materials or information described in paragraph 1 above, the party shall request leave of Court

to file such materials under seal, pursuant to the procedures outlined in Standing Order No. 16-01 (effective March 1, 2016), Exhibit A, Section II(J), and published as part of Appendix H to the Local Rules for the Northern District of Georgia.

7.

After the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties, their respective counsel, and upon all other persons to whom protected materials or information have been communicated or disclosed pursuant to this Order or to any other order of this Court.

8.

It is understood that if any person knowingly violates this Protective Order, said person shall pay such penalties to the producing party as the Court deems appropriate, including any attorneys' fees or expenses associated with the prosecution of said violation, and any other sanctions that the Court finds appropriate under the circumstances.

SO ORDERED this 21st day of     January    , 2025.

S/ Tilman E. Self, III
_____
Honorable Tilman E. Self,
United States District Court Judge